UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN H. UNDERHILL

    *Plaintiff*,

v.                                                                                              Case No. 2:03-cv-137
                                                                                       HON. R. ALLAN EDGAR

ILLINOIS STUDENT
ASSISTANCE COMMISSION,

    *Defendant*.
_____/

**<u>MEMORANDUM OPINION</u>**

On July 2, 2003, plaintiff John H. Underhill filed a complaint seeking a declaratory judgment against defendant Illinois Student Assistance Commission. Plaintiff effected service of process but the defendant has not answered or otherwise responded to the complaint. On August 5, 2003, the Clerk of Court made an entry of default for the defendant pursuant to Fed. R. Civ. P. 55(a). Plaintiff did not promptly file an application for default judgment under Fed. R. Civ. P. 55(b). Plaintiff inexplicably took no further action to prosecute this suit and the case languished on the Court's docket for almost two years.

On July 5, 2005, Magistrate Judge Timothy P. Greeley filed his report and recommendation [Court Doc. No. 7] under 28 U.S.C. § 636(b)(1) recommending that the plaintiff's complaint be dismissed *sua sponte* pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Plaintiff objects to

the report and recommendation. [Court Doc. No. 8].  On July 14, 2005, the plaintiff also filed a belated application for default judgment. [Court Doc. No. 9].

The Court has reviewed the record *de novo*.  Plaintiff objects to the Magistrate Judge's report and recommendation on the ground that the defendant has not filed a motion under Fed. R. Civ. P. 41(b) to dismiss the complaint for failure to prosecute.  In other words, plaintiff contends that the Court lacks the authority to *sua sponte* dismiss his complaint under Rule 41(b) for failure to prosecute in the absence of a motion by the defendant.  This objection is without merit.

It is not necessary for the defendant to make a Rule 41(b) motion to dismiss.  The Court may act on its own.  It is well settled that the Court has the authority and discretion to dismiss *sua sponte* a civil action under Rule 41(b) for failure to prosecute.  The Court has the inherent power to manage and control its docket by dismissing cases for lack of prosecution, and Rule 41(b) merely codifies this inherent power in part.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962); *Cintron-Lorenzo v. Departmento de Asuntos*, 312 F.3d 522, 525-26 (1st Cir. 2002); *Bowles v. City of Cleveland,* 129 Fed. Appx. 239 * 241 (6th Cir. April 25, 2005); *Hill v. General Motors Corp.*, 897 F.2d 529 (Table, text in 1990 WL 25065, ** 3 (6th Cir. March 8, 1990)); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2370; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Broadway Express, Inc. v. Piper*, 447 U.S. 752,765 (1980); *Coleman v. American Red Cross*, 23 F.3d 1091, 1094 n. 1 (6th Cir. 1994).

The plaintiff's next objection is that he was not given prior notice by the Court that his complaint was going to be dismissed if an application for default judgment was not made within a specified period of time.  This objection fails.  Plaintiff does not bother to cite any legal authority to support his objection.  The Court concludes that the procedure utilized by Magistrate Judge

Greeley, a report and recommendation under 28 U.S.C. § 636(b)(1), is entirely appropriate. The report and recommendation by the Magistrate Judge is sufficient to give the plaintiff due process notice that his complaint may be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute. Plaintiff Underhill has been given notice and an opportunity to be heard in opposition to the proposed dismissal of his complaint under Rule 41(b). In sum, the Court in its discretion may proceed to dismiss a complaint for lack of prosecution either by issuing a show cause order pursuant to W.D. Mich. L.Civ.R. 41.1, or by a Magistrate Judge issuing a report and recommendation.

In determining whether to dismiss plaintiff Underhill's complaint for failure to prosecute, the Court considers and balances four factors: (1) whether the plaintiff's failure to prosecute is due to his willfulness, bad faith, or fault; (2) whether the defendant is prejudiced by the plaintiff's conduct; (3) whether the plaintiff had previously been warned that failure to prosecute could lead to dismissal; and (4) whether less drastic sanctions are appropriate and may be imposed. *Wu v. Wang, Inc.*, 2005 WL 2043994 (6th Cir. July 7, 2005); *Bowles*, 129 Fed. Appx. at * 242; *Mulbah v. Detroit Board of Education*, 261 F.3d 586, 589 (6th Cir. 2001); *Knoll v. American Tel. & Tel.*, 176 F.3d 359 (6th Cir. 1999); *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick and GMC, Trucks, Inc.*, 173 F.3d 988 (6th Cir. 1999); *Stough v. Maryville Community Schools*, 138 F.3d 612, 615 (6th Cir. 1998); *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997).

The first factor weighs against plaintiff Underhill. Although the Court cannot say that the plaintiff's failure to prosecute is due to willfulness or bad faith, the Court finds that he is clearly at fault. The plaintiff has not shown that his failure to diligently prosecute his complaint is caused by some factor or circumstance beyond his control, or due to any excusable neglect on his part.

In his objections to the report and recommendation, plaintiff makes a vague, conclusory assertion that he has "exercised due diligence" since the Clerk's Rule 55(a) entry of default. Plaintiff indicates that he endeavored to have some communications with the defendant subsequent to the Rule 55(a) entry of default on August 5, 2003, but the plaintiff does not provide the Court with any details as to specific dates and substance of any such communications. Plaintiff has not submitted to the Court copies of any letters or other written communications he had with the defendant after August 5, 2003. The plaintiff's vague, conclusory statement which is unsupported by any documentation is insufficient to show that he exercised due diligence in prosecuting his complaint. Plaintiff has not given a satisfactory explanation for the extraordinary delay and inactivity in this case of approximately two years.

Plaintiff Underhill is an attorney at law and he no doubt is aware of the correct procedure to apply for a default judgment under Fed. R. Civ. P. 55(b). Plaintiff either knows or reasonably should know that if he fails to diligently prosecute his complaint and allows the case to lay dormant for two years, the complaint is subject to being dismissed for lack of prosecution. In the absence of a detailed explanation and any substantive proof from the plaintiff, the Court can only conclude that plaintiff Underhill is at fault for the delay and failure to prosecute this case.

The second and third factors weigh against dismissal of the complaint. There is nothing in the record showing that the defendant is prejudiced in any way by the plaintiff's dilatory conduct. Prior to the Magistrate Judge's report and recommendation on July 5, 2005, the plaintiff had not been explicitly warned by the Court that failure on his part to prosecute the complaint could lead to it being dismissed under Rule 41(b). The Magistrate Judge's report and recommendation was the first time the plaintiff was given notice that the Court was contemplating dismissing his complaint

for failure to prosecute. Plaintiff has responded to the report and recommendation by filing objections along with an application for default judgment.

The fourth factor also weighs against the harsh sanction of dismissing the complaint. Based on the facts and circumstances in this case, the Court concludes that a less severe sanction is appropriate. Instead of dismissing the plaintiff's complaint under Rule 41(b) for failure to prosecute, the Court will order plaintiff Underhill to bear his own costs of this action. Plaintiff shall not recover the cost of his filing fee from the defendant.

Accordingly, for these reasons, the Court does not adopt the Magistrate Judge's report and recommendation under 28 U.S.C. § 636(b)(1). The Court will not dismiss the plaintiff's complaint under Fed. R. Civ. P. 41(b) for failure to prosecute. Instead, the Court will **GRANT** the plaintiff's application for default judgment [Court Doc. No.9] pursuant to Fed. R. Civ. P. 55(b)(2). The Court will enter a declaratory judgment in the plaintiff's favor against the defendant. As a sanction for his dilatory conduct and failure to diligently prosecute his complaint, the Court will order that the plaintiff shall bear his own costs incurred in this civil action.

A separate order and declaratory judgment will enter.

                                        */s/ R. Allan Edgar*
                                        R. ALLAN EDGAR
                                      UNITED STATES DISTRICT JUDGE